**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | |
|---|---|
| RAJU MEGANATHAN, et al.,<br>                              Plaintiffs,<br><br>v.<br><br>SIGNAL INTERNATIONAL L.L.C., et al.,<br><br>                              Defendants. | Civ. No. <u>1:13-cv-00497</u> |

**PLAINTIFFS' RESPONSE OPPOSING BURNETT DEFENDANTS' OBJECTION TO
MAGISTRATE'S REPORT AND RECOMMENDATION ON MOTION TO DISMISS**

## I.      INTRODUCTION

Plaintiffs file this Opposition to the Objection to Magistrate's Report and Recommendation to Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) filed by Malvern C. Burnett; the Law Offices of Malvern C. Burnett, A.P.C.; and Gulf Coast Immigration Law Center, L.L.C. (collectively, "Burnett"). Burnett asks this Court to reconsider Magistrate Judge Hawthorn's Report and Recommendation (the "Report") without providing any legal or factual basis for doing so. The legal foundation of the Report, however, is correct. The Report should be adopted and entered in accordance with Magistrate Judge Hawthorn's recommendations for the following three reasons:

1. this Court has jurisdiction over Burnett under the RICO statute because (a) Signal is found and transacts business in this forum; and (b) the ends of justice are served by trying Burnett alongside Signal in the District where they lured and injured Plaintiffs; and

2. this Court also has personal jurisdiction over Burnett under Texas' long-arm statute because Burnett participated in purposeful, tortious activities that were directly targeted at this District, and Plaintiffs' injuries inevitably flowed from those activities.

3. Burnett's Motion wastes this Court's resources with frivolous, general, and conclusive objections, as well as new arguments that are untimely and inappropriate on a motion for reconsideration;

## II.   LEGAL ARGUMENT

### A.   Standard of Review

This court must review *de novo* the objected-to portions of Magistrate Judge Hawthorn's Report and Recommendation regarding Burnett's motion. 28. U.S.C. § 636 (b)(1)(c); Nettles v. Wainwright, 677 F.2d 404, 409 (5th Cir. 1982). Under the standard of review for a motion to dismiss for lack of jurisdiction, "uncontroverted allegations in the plaintiff's complaint must be taken as true and conflict between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor . . ." Bullion v. Gillespie, 895 F.2d 213, 217 (5th Cir. 1990).

### B.   This Court Has Jurisdiction over Burnett through the RICO Statute.

The RICO statute provides for nationwide service of process, and gives this Court personal jurisdiction over Burnett. Under the majority rule, if at least one RICO defendant "resides, is found, has an agent, or transacts his affairs in the forum, then jurisdiction is proper as to all other defendants if the ends of justice require." Allstate Ins. Co. v. Plambeck, No. 3-08-CV-0388-M, 2009 WL 347423, *3, n. 2 (N.D. Tex. Feb. 11, 2009); *see also* Hawkins v. Upjohn Co., 890 F. Supp. 601, 605–06 (E.D. Tex. 1994); Paolino v. Argyll Equities, L.L.C., 401 F. Supp. 2d 712, 718 (W.D. Tex. 2005)).

Signal[1] is found in this District and transacts business here through facilities in Orange, Texas. Thus, this Court can exercise personal jurisdiction over related RICO parties like Burnett, as required by the "ends of justice." The Fifth Circuit has not enumerated he factors of an "ends of justice" analysis. Hewlett-Packard Co. v. Byd:Sign, Inc., No. 6:05-CV-456, 2006 WL

---

[1] "Signal" refers to: Signal International, L.L.C.; Signal International, Inc.; Signal International Texas, G.P.; and Signal International Texas, L.P.

2822151, at *9 (E.D. Tex. Sept. 28, 2006) (noting different interpretations among the courts). Courts recognize, however, that it is "a flexible concept uniquely tailored to the facts of each case," and recognize Congress' intent to allow RICO plaintiffs "to bring all members of a nationwide conspiracy before a court in a single trial." <u>Allstate</u>, 2009 WL 347423, at *3. The Plaintiffs sue in the Eastern District of Texas, where they suffered enormous harm at the hands of Signal and its agents, including Burnett. Plaintiffs seek to bring before this Court, in a single trial, all defendants who conspired to traffic them to this District. The "ends of justice" and the intent of the RICO statute require that Burnett answer Plaintiffs' claims, alongside their co-defendants, where they lured Plaintiffs, where Plaintiffs suffered injuries, and where Burnett helped Signal conduct its business. Therefore this Court should exercise personal jurisdiction over Burnett.

### C.      This Court Has Jurisdiction over Burnett through Texas' Long-Arm Statute.

Courts have personal jurisdiction over Burnett because he "purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts," provided it "does not offend traditional notions of fair play and substantial justice." <u>Central Freight Lines, Inc. v. APA Transp. Corp.</u>, 322 F.3d 376, 380-81 (5th Cir. 2003).[2] Minimum contacts exist when the defendant "purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." <u>Id.</u> They also exist when the defendant "commits a tort within the state, or an act outside the state that causes tortious injury within the state." <u>Guidry v. U.S. Tobacco Co.</u>, 188 F.3d 619, 628 (5th Cir. 1999).

Burnett participated in a purposeful, tortious scheme directed at defrauding and trafficking Plaintiffs, and exploiting them at the Texas Labor Camp, located in this District. Mr.

---

[2] Citing <u>Int'l Shoe Co. v. Washington</u>, 326 U.S. 310 (1945). Burnett's citation to <u>Moncrief Oil Int'l, Inc. v. OAO Gazprom</u>, 481 F.3d 309 (5th Cir. 2007) on this issue is inapplicable, as that case relates to situations involving unilateral actions by a plaintiff.

Burnett held himself out as Plaintiffs' lawyer even as he was trafficking them on behalf of Signal. Burnett's activities were directed at this District, and Plaintiffs' injuries inevitably flowed therefrom. Plaintiffs traveled to Texas in reliance on Burnett's fraudulent misrepresentations. Having lured Plaintiffs here to be exploited in deplorable working conditions, Burnett cannot credibly argue that they could not have reasonably anticipated being sued in this District. Guidry, 188 F.3d at 630 (affirming personal jurisdiction where alleged torts were aimed at consumers in the district and defendants made false representations they knew would have devastating effects on people in the district). Under these circumstances, the exercise of personal jurisdiction over Burnett in Texas plainly does not offend traditional notions of fair play and substantial justice. Int'l Shoe Co., 326 U.S. at 316. This Court can, and should, exercise jurisdiction over Burnett.

**D.     The Burnett Defendants' Motion Abuses This Court's Resources.**

Burnett's Motion is an abuse of this Court's resources. While a party may object to a Magistrate Judge's order, "[t]he district court need not consider frivolous, conclusive or general objections." U.S. v. Pena, 582 F. Supp. 2d 851, 853 (5th Cir. 2008). Moreover, a party may advance to the Court only arguments made before the Magistrate Judge. Parrott v. Commissioner S.S.A., 914 F. Supp. 147, 149 (E.D. Tex. 1996). Yet, Burnett raises new arguments in their Motion, such as the argument regarding recruitment fees for non-visa applicants. Plaintiffs do not address these newly advanced arguments, as they are untimely and inappropriate on a motion for reconsideration. There is no error of law in Magistrate Judge Hawthorn's Report; Burnett simply disagrees with the result and impermissibly seeks another bite at the apple.

Respectfully submitted,

DATED:  July 21, 2014

**DLA Piper LLP (US)**
1251 Avenue of the Americas
27th Floor
New York, NY 10020-1104
Tel.  212.335.4500
Fax. 212.335.4501

By:  /s/ Joshua S. Sohn
   **Joshua S. Sohn**, *pro hac vice*
   New York Bar No. 2889236
   **Timothy H. Birnbaum**, *pro hac vice*
   New York Bar No. 4681276
   **John B. Dodson**
   Texas Bar No. 24072069
   *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 21, 2014 a true and correct copy of **PLAINTIFFS'
RESPONSE OPPOSING BURNETT DEFENDANTS' OBJECTION TO
MAGISTRATE'S REPORT AND RECOMMENDATION ON MOTION TO DISMISS**
was filed electronically with the Clerk of Court using the CM/ECF system, which will
automatically send e-mail notification of such filings to all attorneys of record.

I FURTHER CERTIFY that U.S. Mail sent to the address of record for Global Resource,
Inc. has been returned undeliverable, therefore I am unable to serve a copy of this pleading on
Global Resources, Inc.  The last known address of Global Resources, Inc, is:

> Global Resources, Inc.
> c/o Michael Pol
> 13 Herring Road
> Beaumont, MS 39423-2055

DLA PIPER LLP (US)                         By:    /s/ Joshua S. Sohn
1251 Avenue of the Americas                (*Admitted Pro Hac Vice*)
27th Floor                                 New York Bar No. 2889236
New York, New York 10020
Telephone: (212) 335-4500
Facsimile: (212) 335.4501
joshua.sohn@dlapiper.com                   Attorney for Plaintiffs