**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**

---------------------------------------- X
RAJU MEGANATHAN, :
SARAVANACHLEVAN NARAYANASAMY, :
SARAVANAN RAMASAMY, :
MARUTHAMUTHU MAYAVU, :
:
      Plaintiffs, :
:
  -against- :
:
SIGNAL INTERNATIONAL L.L.C., SIGNAL :
INTERNATIONAL, INC., SIGNAL : Civil Action No.: 1:13-cv-00497-MAC-ZJH
INTERNATIONAL TEXAS, G.P., SIGNAL :
INTERNATIONAL TEXAS, L.P., MALVERN :
C. BURNETT, GULF COAST :
IMMIGRATION LAW CENTER, L.L.C., LAW :
OFFICES OF MALVERN C. BURNETT, :
A.P.C., MICHAEL POL, GLOBAL :
RESOURCES, INC., SACHIN DEWAN, and :
DEWAN CONSULTANTS PVT. LTD. (a/k/a :
MEDTECH CONSULTANTS), :
:
      Defendants. :
:
---------------------------------------- X

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' APPEAL OF**
**MAGISTRATE JUDGE'S ORDER, OR ALTERNATIVELY OBJECTION TO**
**MAGISTRATE'S REPORT AND RECOMMENDATION**
**TO DENY BURNETT DEFENDANTS' MOTION TO TRANSFER**

DLA PIPER LLP (US)
1251 Avenue of the Americas
27th Floor
New York, New York 10020
Telephone: (212) 335-4500
Facsimile: (212) 335.4501
joshua.sohn@dlapiper.com
timothy.birnbaum@dlapiper.com
john.dodson@dlapiper.com

Joshua S. Sohn (*Pro Hac Vice*)
New York Bar No. 2889236
Timothy H. Birnbaum (*Pro Hac Vice*)
New York Bar No. 4681276
John B. Dodson
Texas Bar No. 24072069
Attorneys for Plaintiffs

Plaintiffs Raju Meganathan, Saravanachlevan Narayanasamy, Saravanan Ramasamy, and Maruthamuthu Mayavu respectfully submit this memorandum in opposition to Defendants Malvern C. Burnett, Gulf Coast Immigration Law Center, L.L.C., and the Law Offices of Malvern C. Burnett, A.P.C.'s (collectively, the "Burnett Defendants") July 17, 2014 appeal and objection of Magistrate Judge Zack Hawthorn's order denying the Burnett Defendants' motion to transfer (the "Appeal").

## PRELIMINARY STATEMENT

Through their Appeal, the Burnett Defendants seek to have the Court decide the same motion that it has already carefully considered. The Burnett Defendants moved this Court to transfer the above-captioned action to the District Court for the Eastern District of Louisiana twice before. (Docket Nos. 12 & 17.) By Order dated July 16, 2014 (the "Order"), Magistrate Judge Hawthorn properly denied both motions to transfer, finding, *inter alia*, that there is no substantial overlap between this action and one pending in Louisiana. (Docket No. 44.) The instant Appeal of that Order, which simply rephrases arguments from the prior transfer motions, is a feeble attempt by the Burnett Defendants for a third bite at the apple on the transfer issue. For the reasons that follow, the Appeal should be denied, and Magistrate Judge Hawthorn's Order affirmed.

## STANDARD OF REVIEW OF MAGISTRATE'S DECISION

Under 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72, pretrial orders of a magistrate judge are reviewable under a "clearly erroneous" and "contrary to law" standard. *See Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir. 1981) (citing *Calderon v. Waco Lighthouse for the Blind*, 630 F.2d 352, 354-55 (5th Cir. 1980)). The issue before the Court, therefore, is whether Magistrate Judge Hawthorn's Order was clearly erroneous and contrary to law. Because it is not, the Burnett Defendants' Appeal should be denied and the Order affirmed.

1

Further, no facts or arguments contained in the Burnett Defendants' submission to this Court in appeal have shown Magistrate Judge Hawthorn's ruling to be clearly erroneous or contrary to law.

## THE MAGISTRATE'S ORDER WAS PROPERLY DECIDED

Recognizing that the issues presented in the above-captioned action, including claims arising under the Trafficking Victims Protection Reauthorization Act of 2003 ("TVPRA"), the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Civil Rights Act of 1866, and state law, are markedly different from the narrow Fair Labor Standards Act ("FLSA") claims in the Louisiana case *David et al. v. Signal, Int'l, L.L.C. et al.* (Civ. A. No. 08-1220 (E.D.La.), Magistrate Judge Hawthorn correctly found that the issues in the above-captioned action "cannot be resolved in the *David* suit." Order Denying Def.s' Mot. To Transf. at *6 (Docket No. 44.) As a result, the Court properly denied Defendants' motion to transfer pursuant to the first-to-file rule.

Despite the soundness of Magistrate Judge Hawthorn's Order, the Burnett Defendants argue that the Order was in error for reasons already put forth by them in their prior motions to transfer, namely, that: (1) the Court lacks personal jurisdiction over the Burnett Defendants; (2) there is significant overlap between the legal issues in the above-captioned action and *David*; and (3) Louisiana is a more convenient venue for witnesses and the parties. Not only have Plaintiffs previously responded to each of these arguments (Docket Nos. 22 & 24), but also the Court already addressed each of these very arguments in its July 16, 2014 Order, determining that each were unpersuasive.

As an initial matter, the Burnett Defendants argue that the Eastern District of Louisiana has personal jurisdiction over the parties in this action, and they further object to this Court's

2

exercise of personal jurisdiction over them. (Appeal at *1-2.) Even assuming *arguendo* that the Louisiana district court has jurisdiction over the subject matter and parties in this action, it does not change the fact that jurisdiction is proper in the Eastern District of Texas. (*See* Docket No. 24 at *4-10.) In agreement with this point, on July 3, 2014, Magistrate Judge Hawthorn entered a Report and Recommendation to this Court to deny the Burnett Defendants' motion to dismiss for lack of personal jurisdiction. (Docket No. 38.) Second, the Burnett Defendants argue that "the exact same causes of action are alleged" in this action and in *David*. (Appeal at *2.) As previously explained by Plaintiffs, and confirmed by Magistrate Judge Hawthorn's Order, there is little overlap, if any, between the causes of action here, and those at issue in *David*. (*See* Docket Nos. 22 at *4-8, and 24 at *5-10.) To re-state the obvious, claims under the TVPRA, RICO, the Civil Rights Act of 1866, and state law, are entirely different from claims asserted under the FLSA, which is the only type of claim asserted in *David*. For these reasons, the first-to-file rule does not provide a valid basis for transfer.

Finally, despite the Burnett Defendants' arguments to the contrary, convenience dictates that the Eastern District of Texas is the proper venue for this action. (*See* Docket No. 22 at *8-12.) Not only did the mistreatment of the plaintiffs that gave rise to their causes of causes of action occur in this District, but also each of the plaintiffs and the majority of relevant witnesses are located within this District. Moreover, the Burnett Defendants transacted business in Texas, thereby availing themselves to the jurisdiction of this District. For these and other reasons, venue is proper within the Eastern District of Texas.

## CONCLUSION

For the foregoing reasons, all of which have been briefed by the parties on at least two prior occasions, as well as correctly decided by the Court in its July 16, 2014 Order, the Burnett Defendants' Appeal should be denied and Magistrate Judge Hawthorn's Order affirmed.

DATED: July 31, 2014

DLA PIPER LLP (US)
1251 Avenue of the Americas
27th Floor
New York, New York 10020
Telephone:  (212) 335-4500
Facsimile:    (212) 335-4501
joshua.sohn@dlapiper.com
timothy.birnbaum@dlapiper.com
john.dodson@dlapiper.com

By:   /s/ Joshua S. Sohn
Joshua S. Sohn (*Pro Hac Vice*)
New York Bar No. 2889236
Timothy H. Birnbaum (*Pro Hac Vice*)
New York Bar No. 4681276
John B. Dodson
Texas Bar No. 24072069
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 31, 2014 a true and correct copy of **Plaintiffs' Response in Opposition to Defendants' Appeal and Objection** was filed electronically with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filings to all attorneys of record.

I FURTHER CERTIFY that U.S. Mail sent to the address of record for Global Resource, Inc. has been returned undeliverable, therefore I am unable to serve a copy of this pleading on Global Resources, Inc. The last known address of Global Resources, Inc. is:

> Global Resources, Inc.
> c/o Michael Pol
> 13 Herring Road
> Beaumont, MS 39423-2055

| | |
|---|---|
| DLA PIPER LLP (US) | By:   /s/ Joshua S. Sohn |
| 1251 Avenue of the Americas | (*Admitted Pro Hac Vice*) |
| 27th Floor | New York Bar No. 2889236 |
| New York, New York 10020 | |
| Telephone: (212) 335-4500 | |
| Facsimile: (212) 335.4501 | |
| joshua.sohn@dlapiper.com | Attorney for Plaintiffs |