IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

---

| | |
|---|---|
| ------------------------------------- X<br>RAJU MEGANATHAN,<br>SARAVANACHLEVAN NARAYANASAMY,<br>SARAVANAN RAMASAMY,<br>MARUTHAMUTHU MAYAVU,<br><br>     Plaintiffs,<br><br>  -against-<br><br>SIGNAL INTERNATIONAL L.L.C., SIGNAL INTERNATIONAL, INC., SIGNAL INTERNATIONAL TEXAS, G.P., SIGNAL INTERNATIONAL TEXAS, L.P., MALVERN C. BURNETT, GULF COAST IMMIGRATION LAW CENTER, L.L.C., LAW OFFICES OF MALVERN C. BURNETT, A.P.C., MICHAEL POL, GLOBAL RESOURCES, INC., SACHIN DEWAN, and DEWAN CONSULTANTS PVT. LTD. (a/k/a MEDTECH CONSULTANTS),<br><br>     Defendants.<br>------------------------------------- X | Civil Action No.: 1:13-cv-00497-MAC-ZJH |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION PURSUANT TO FEDERAL RULE 72 AND LR 72(b) FOR RECONSIDERATION OF MAGISTRATE'S DECISIONS DOCUMENTS #44 IN NO. 13-497, #56 IN NO. 13-498 AND #58 IN NO. 13-499**

| | |
|---|---|
| DLA PIPER LLP (US)<br>1251 Avenue of the Americas<br>27th Floor<br>New York, New York 10020<br>Telephone:  (212) 335-4500<br>Facsimile:    (212) 335.4501<br>joshua.sohn@dlapiper.com<br>timothy.birnbaum@dlapiper.com<br>john.dodson@dlapiper.com | Joshua S. Sohn (*Pro Hac Vice*)<br>New York Bar No. 2889236<br>Timothy H. Birnbaum (*Pro Hac Vice*)<br>New York Bar No. 4681276<br>John B. Dodson<br>Texas Bar No. 24072069<br>Attorneys for Plaintiffs |

Plaintiffs Raju Meganathan, Saravanachlevan Narayanasamy, Saravanan Ramasamy, and Maruthamuthu Mayavu respectfully submit this memorandum in opposition to Defendants' Signal International, LLC ("LLC"), Signal International, Inc. ("Inc."), Signal International Texas, G.P. ("GP"), and Signal International Texas, L.P. ("LP") (hereinafter collectively "Signal"), July 29, 2014, Motion Pursuant to Federal Rule 72 and LR 72(b) for Reconsideration of the Magistrate's Decisions (the "Motion for Reconsideration," Docket No. 46).

## PRELIMINARY STATEMENT

The Court should deny the Signal Defendants' Motion for Reconsideration. (Docket No. 46). By Order dated July 16, 2014 (the "Order"), Magistrate Judge Hawthorn properly denied the motion to transfer, finding, *inter alia*, that there is no substantial overlap between this action and one pending in Louisiana. Order Denying Defs' Mot. To Transf. at *5 (Docket No. 44.) The instant motion for reconsideration of that Order, which argues the Magistrate misapplied the first-to-file rule and lists repetitive objections to the Magistrate's carefully considered findings and conclusions, is devoid of substance and is nothing more than a second bite at the apple on the transfer issue. For the reasons that follow, the motion should be denied, and Magistrate Judge Hawthorn's Order affirmed.

## STANDARD OF REVIEW OF MAGISTRATE'S DECISION

Contrary to Signal's assertion, under Fed. R. Civ. P. 72(a) and LR CV-72(b), a motion for reconsideration of non-dispositive pretrial orders of a magistrate judge is reviewable under a "clearly erroneous" and "contrary to law" standard. *See ColorQuick, L.L.C. v. Vistaprint Ltd.*, 6:09-CV-323, 2010 WL 5136050, at *3 (E.D. Tex. July 22, 2010).[1] A motion to transfer venue is a non-dispositive motion. *ColorQuick, L.L.C.*, 2010 WL 5136050, at *3. The issue before the

---

[1] Signal erroneously cites *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599 (5th Cir. 1999), for its assertion that a de novo standard applies. *Cadle*, however, is not a motion for reconsideration under Fed R. Civ. P. 72(a), rather it was an "appeal[] [of] the district court's decision to dismiss." *Id.* at 599.

1

Court, therefore, is whether Magistrate Judge Hawthorn's Order was clearly erroneous and contrary to law. Because Judge Hawthorn correctly applied the first-to-file rule and carefully considered the issues, the Signal Defendants' Motion should be denied and the Order affirmed.

## THE MAGISTRATE'S ORDER WAS PROPERLY DECIDED

Despite the soundness of Magistrate Judge Hawthorn's Order, Signal instead mischaracterizes the Magistrate Judge's reasoning. The Magistrate Judge did not "fail[] to recognize the contours of the first-filed rule [and] distinguish it from Federal Rule 23(b)(3)." (Motion for Reconsideration at *1, Docket No. 46.). Rather, the Magistrate Judge properly stated the first-to-file rule, carefully applied it, and correctly concluded that there was no substantial overlap between this suit and *David et al. v. Signal, Int'l, L.L.C. et al.*, No. Civ. A. No. 08-1220 (E.D. La.). Order Denying Defs' Mot. To Transf. at *5-8 (Docket No. 44.)

The first-to-file rule is a discretionary doctrine that allows a "court in which the case was last filed [to] refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Id.* The burden of proof is carried by the party seeking transfer. *Jones v. Xerox Commercial Solutions, LLC*, No. H-13-0650, 2013 WL 3245957, at *2 (S.D. Tex. June 26, 2013). Courts generally look to the identity of the parties, the claims and issues raised in the two cases, and the prevailing equities to determine whether there is sufficient overlap. *Id.* at *4 (parties must be substantially similar); *Buckalew v. Celanese, Ltd.*, No. Civ.A. G-05-315, 2005 WL 2266619, at *2 (S.D. Tex. Sept. 16, 2005) (claims must be substantially similar); *Garmin Ltd. v. TomTom, Inc.*, No. 2:06CV338, 2007 WL 708587, at *1 (E.D. Tex. Mar. 5, 2007) ("justice or expediency" relevant).

The first-to-file rule does not apply when the cases are "merely related." *See Buckalew*, 2005 WL 2266619, at *2. Rather, "[t]he crucial inquiry is one of 'substantial overlap.'" *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997).

Contrary to the Signal Defendants' list of objections,[2] the Magistrate Judge properly found there was no substantial overlap between this case and *David*. First, the Magistrate Judge correctly found that, although there is some overlap, the Plaintiffs in this action do not assert FLSA claims here, and were never parties to the *David* case for the non-FLSA claims. Order Denying Def.s' Mot. To Transf. at *5 (Docket No. 44.) Second, the Magistrate Judge correctly determined that the claims in this action do not substantially overlap because each claim requires "individualized proof." Order Denying Defs' Mot. To Transf. at *6-8 (Docket No. 44.)

As a result, there may very well be different outcomes for different Plaintiffs; not because of venue, but rather because each individual Plaintiff has a different story to tell and each has different evidence to present. The experiences and injuries suffered by the *David* plaintiffs are not necessarily the same as those suffered by Plaintiffs here. The unique harms suffered by Plaintiffs will dictate the outcome of their unique action. As a result, Signal failed to justify application of the first-to-file rule, and, as a result, the Magistrate's opinion was not clearly erroneous or contrary to law.

## CONCLUSION

For the foregoing reasons, as well as those from the correctly decided Opinion by the Court in its July 16, 2014, Order, the Signal Defendants' Motion for Reconsideration should be denied and Magistrate Judge Hawthorn's Order affirmed.

---

[2] Signal lists six objections (mislabeled as five in their brief) that, together, amount to no more than one objection to the Magistrate's finding that there was no substantial overlap between the parties and claims of the suit here and *David*.

3

DATED: August 12, 2014

By:   /s/ Joshua S. Sohn

| | |
|---|---|
| DLA PIPER LLP (US)<br>1251 Avenue of the Americas<br>27th Floor<br>New York, New York 10020<br>Telephone: (212) 335-4500<br>Facsimile: (212) 335-4501<br>joshua.sohn@dlapiper.com<br>timothy.birnbaum@dlapiper.com<br>john.dodson@dlapiper.com | Joshua S. Sohn (*Pro Hac Vice*)<br>New York Bar No. 2889236<br>Timothy H. Birnbaum (*Pro Hac Vice*)<br>New York Bar No. 4681276<br>John B. Dodson<br>Texas Bar No. 24072069<br>*Attorneys for Plaintiffs* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 12, 2014 a true and correct copy of **Plaintiffs' Response in Opposition to Defendants' Motion Pursuant to Federal Rule 72 and LR 72(b) for Reconsideration of Magistrate's Decisions Documents #44 in No. 13-497, #56 in No. 13-498 and #58 in No. 13-499** was filed electronically with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filings to all attorneys of record.

I FURTHER CERTIFY that U.S. Mail sent to the address of record for Global Resource, Inc. has been returned undeliverable, therefore I am unable to serve a copy of this pleading on Global Resources, Inc. The last known address of Global Resources, Inc. is:

> Global Resources, Inc.
> c/o Michael Pol
> 13 Herring Road
> Beaumont, MS 39423-2055

| | |
|---|---|
| DLA PIPER LLP (US) | By:   /s/ Joshua S. Sohn |
| 1251 Avenue of the Americas | (*Admitted Pro Hac Vice*) |
| 27th Floor | New York Bar No. 2889236 |
| New York, New York 10020 | |
| Telephone: (212) 335-4500 | |
| Facsimile: (212) 335.4501 | |
| joshua.sohn@dlapiper.com | Attorney for Plaintiffs |