UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| Raju Meganathan, et al<br>Plaintiffs | * | Case No: 1:13-cv-00497 |
| | * | |
| vs. | * | |
| | * | |
| Signal International, LLC, et al,<br>Defendants | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## Answer of Malvern C. Burnett, The Law Offices of Malvern C. Burnett, A.P.C., and Gulf Coast Immigration Law Center, L.L.C.

Now comes Malvern C. Burnett, The Law Offices of Malvern C. Burnett, A.P.C. , and the Gulf Coast Immigration Law Center, L.L.C., hereinafter referred to collectively as "Burnett, who in response to the Plaintiffs' Complaint in the above captioned matter herewith makes the following objections, defenses, and answer.

### General Objection to Complaint.

Burnett objects to the Plaintiffs' Complaint as being in violation of Rule 8 of the Federal Rules of Civil Procedure, in that it does not contain a short and plain statement of claims, but rather a 54 page, 306 paragraph narrative, being essentially argument of counsel, replete with conclusory, inflammatory, and superfluous statements designed solely to inflame, and engender passion and prejudice against Defendants, including Burnett, and containing several erroneously

portrayed events, which events, even if correctly described, are irrelevant and inadmissible in any of the claims asserted by these Plaintiffs against Burnett.

## FIRST DEFENSE

The assertions and allegations of Plaintiffs' Claims for Relief against Burnett are no more than conclusory statements of Plaintiffs' counsel that are not entitled to be assumed true, and as such fail to plausibly state a claim against Burnett upon which relief can be granted.

## SECOND DEFENSE

At all times, Burnett merely acted as attorney for his clients, lawfully representing same, performing the tasks and assignments requested of him, filing lawful and proper petitions and legal applications to the government, and asserting constitutionally guaranteed rights and actions for and on behalf of his clients, which lawful conduct and action in representation of his clients cannot serve as the basis for violations of 18 U.S.C. 1584, et seq., 18 U.S.C. 1589, et seq., 18 U.S.C. 1592, et seq., 18 U.S.C. 1594, 18 U.S.C. 1595 or 18 U.S.C. 1962 and which lawful representations and actions as an attorney lawfully representing his client are afforded a common law qualified immunity from liability.

## THIRD DEFENSE

At all times pertinent, Burnett was filing lawful and proper petitions to the United States government for and on behalf of his clients, which right of petition is guaranteed by the First Amendment, affording Burnett immunity from statutory liability under 18 U.S.C. 1584, et seq., 18 U.S.C. 1589, et seq., 18 U.S.C. 1592, et seq., 18 U.S.C. 1594, 18 U.S.C. 1595 or 18 U.S.C. 1962,

for exercising such First Amendment rights of and on behalf of his clients, and as such herewith

pleads the doctrine of Noerr-Pennington as a defense to Plaintiffs' First and Second Claims for

Relief.

### FOURTH DEFENSE

Any and all statements or representations that may have been made by Burnett were

accurate renditions of statements and representations he was instructed and authorized to make

by Signal in the performance of his responsibilities as an immigration attorney, for which

statements he cannot personally be held liable for any misrepresentation or fraud of Signal.

### FIFTH DEFENSE

Burnett fully, faithfully, and lawfully  fulfilled all contractual obligations to his clients,

until he was prevented from doing so by Plaintiffs' breached their contractual obligations.

### SIXTH DEFENSE

Plaintiffs have suffered no damages or injury as a result of any action or conduct by

Burnett.

### SEVENTH DEFENSE

Burnett asserts that any payment received for legal services rendered, including any

assistance with the preparation of immigration forms for submission to governmental agencies

or entities, review of application documentation, vetting for eligibility to migrate to the United

States, counseling potential H-2B workers, and later preparations and filing of extensions and

other immigration work, that such fees were actually earned, and all services were rendered

diligently, honestly, in good faith, within the standard of care, without any misrepresentation of fact or law, and that every Indian worker who migrated to the United States as a result of his work, including Plaintiffs herein, received a fair value for such services rendered, and that as such, Plaintiffs cannot establish that they were defrauded in any manner.

EIGHTH DEFENSE

Plaintiffs have not suffered and cannot establish any detrimental reliance as the result of anything said or done or any alleged representations by Burnett.

NINTH DEFENSE

All claims of negligent or fraudulent misrepresentations are based on conduct alleged to have occurred in either India or the United Arab Emirates, and as such, Plaintiffs have no cause of action under any state of the United States of America or federal law for such alleged conduct.

TENTH DEFENSE

Plaintiffs breached applicable contracts, thereby terminating any further contractual obligations that might otherwise have been due by Burnett, estopping them from making any claims for damages.

ELEVENTH DEFENSE

Burnett pleads misjoinder of parties, of both Plaintiffs and Defendants, pursuant to Rule 21 of the Federal Rules of Civil Procedure.

TWELFTH DEFENSE

Plaintiffs have failed to state the with particularity the facts and circumstances

constituting fraud against Burnett, as required by Rule 9(b) of the Federal Rules of Civil Procedure.

### THIRTEENTH DEFENSE

As to all Plaintiffs and to all pertinent allegations against Burnett, Burnett herewith denies all and singularly that he made any representation other than that he would prepare and file all H-2B applications and extensions on behalf of Signal, and that at such time as Signal sponsored any Plaintiffs for permanent work in the United States, that he would prepare such applications or petitions for filing.

### FOURTEENTH DEFENSE

Plaintiffs' alleged claims are barred by prescription, preemption, laches or applicable statute of limitations.  Texas does not recognize cross-jurisdictional tolling of the statute of limitations for the filing of a class action in federal court where class certification was denied, and as such all state based causes of action have lapsed under applicable statute of limitations. To the extent Indian law may apply, any such claims are likewise barred by the running of applicable statute of limitations, under the choice of law rules of the Texas, the state in which this matter was filed.

### FIFTEENTH DEFENSE

At all material times the Burnett Defendants acted lawfully and in good faith and any alleged legal advice rendered was sound, legal and proper.  Burnett denies that any wrongful or illegal acts were committed by any of the Defendants as alleged.  However, the Burnett

Defendants aver that in the event it shall be determined that any alleged wrongful and/or illegal acts were committed by any defendant, which is denied, at no time did the Burnett Defendants condone, support, authorize, approve of, join in, participate in, or know of any such alleged wrongful or illegal acts.

SIXTEENTH DEFENSE

Plaintiffs cannot recover for any alleged claims or damage stated in the Plaintiffs' Complaint as Plaintiffs' conduct and actions were themselves the cause of any alleged injury or damage; or alternatively, in the event that this Court should find any liability on the part of the Burnett Defendants, which is denied, the Burnett Defendants plead the contributory negligence or comparative fault of Plaintiffs which serves as a bar and/or diminution of plaintiffs' recovery. In the further alternative, the Burnett Defendants plead in bar or diminution of recovery the doctrine of assumption of risk and/or volenti non fit inuria.

SEVENTEENTH DEFENSE

In the alternative, in the event this Court should find that plaintiffs have suffered any of the damages alleged, which is denied, the Burnett Defendants aver that Plaintiffs' damages, if any, were caused or contributed to by other persons or parties for whose actions the Burnett Defendants are not legally responsible.

EIGHTEENTH DEFENSE

Plaintiffs have failed to mitigate their alleged damages so that any alleged recovery sought herein should be reduced or be precluded entirely.

NINETEENTH DEFENSE

Any damages suffered by Plaintiffs (all of which are denied) must be offset by the benefits and income they received from Signal and/or which they could have received had they not left Signal's employ or performed such acts which caused the termination of employment with Signal; and/or which they have otherwise received while working in the United States since leaving Signal's employment.

TWENTIETH DEFENSE

The Plaintiffs seek relief to which they are not entitled, including, but not limited to punitive damages.

TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred or reduced by the doctrine <u>in pari delicto</u>, in that plaintiffs, in direct contravention of specific instructions by Burnett, have asserted that they deliberately and knowingly lied and made false statements to American consular officials in order to obtain work visas to the United States.  If that is proved, then plaintiffs' RICO claims are barred under said doctrine; to-wit: as a result of their own conscious and knowing actions, plaintiffs bear at least substantially equal responsibility for the violations they seek to redress via RICO.  Their own culpability was a cause-in-fact and proximate cause of the alleged violations.  Not only would none of the alleged violations have occurred without this culpability, it was a direct rather than a remote cause of any alleged violations.  Therefore, many, if not all, of the plaintiffs'

claims are barred by their own delictual responsibility.  It is specifically averred that at no time did the Burnett Defendants know of any such alleged misrepresentations by plaintiffs.  Nor did the Burnett Defendants advise or counsel any of the plaintiffs or any other party to make or cause any such alleged misrepresentations to any person or agency or party.  Nor did the Burnett Defendants make any statement to any agency or party that was false or known to be false when made.  To the contrary, those Indians with whom Burnett met, were instructed to answer any questions put to them in an honest and truthful manner.  The Burnett Defendants did not authorize or direct any other person to instruct or counsel any Indian applicant to lie or intentionally make false statements to the American consular officials.  All forms, petitions, applications and other documents prepared and filed by Burnett were in full accord with all federal, state, or local laws and regulations, were completely proper under said laws and regulations, and cannot serve as the basis for any claims of fraud or misrepresentation.

TWENTY-SECOND DEFENSE

At no time did the Burnett Defendants knowingly engage in a pattern of racketeering activity, engage with any enterprise involved in racketeering activity, promote the enterprise of any association engaged in racketeering activity, or threaten anyone with the continuation of, much less the initiation of, any enterprise engaged in criminality.  The Burnett Defendants are not, nor have they ever been organized for any immoral, unlawful or illicit purpose.  The Burnett Defendants have never knowingly used any unlawful tactic or practice to further its business or satisfy its business needs.

-8-

TWENTY-THIRD DEFENSE

Plaintiffs' claims are barred under the doctrine of unclean hands.

TWENTY-FOURTH DEFENSE

The doctrine of res judicata and issue preclusion prevent Plaintiffs from asserting the claims set forth herein.

TWENTY-FIFTH DEFENSE

The actions for which Plaintiffs seek recovery resulted from the unilateral actions of government entities, agents, agencies, or employees over which defendants had no control.

TWENTY-SIXTH DEFENSE

Plaintiffs claims are barred because they resulted from government action unrelated to the actions of any defendant.  Moreover, Plaintiffs assumed the risk that the US Government may deny or refuse to extend applications.

TWENTY-SEVENTH DEFENSE

Plaintiffs' damages were caused in whole or in part by third parties other than the Burnett Defendants, and/or by their own conduct or actions, over which Burnett had no control.

TWENTY-EIGHTH DEFENSE

Burnett performed the services he contracted to provide, earned the fee charged, and as such, as well as under the specific provisions of the contracts with Plaintiffs, Plaintiffs are not entitled to a refund from the Burnett Defendants.

TWENTY-NINTH DEFENSE

Plaintiffs voluntarily, after due consideration, knowingly and consciously entered into contracts with Burnett, being fully aware of all risks attendant in entering into such contracts, including but not limited to those of traveling to the United States for work, that there was no guarantee or assurance that the United States would issue either temporary or permanent work visas, or that any employment in the United States would be totally satisfactory.

THIRTIETH DEFENSE

Burnett objects to the inflammatory and prejudicial characterizations set forth in the paragraphs of Plaintiffs' Complaint, as opposed to short, plain statements of grounds for relief claimed, and moves that such be stricken from this pleading.  Subject to that objection, all allegations of fact of any wrongdoing, as well as all inferences or suggestions of wrongdoing by Burnett set forth in the numerous paragraphs of Plaintiffs' Complaint are denied.

THIRTY FIRST DEFENSE

Burnett avers that this Court lacks personal jurisdiction, either general or specific,  over the Burnett Defendants, Burnett having insufficient minimal contacts with the state of Texas to justify the imposition of jurisdiction over his person, and Burnett not having purposefully availed himself of the protection or advantages of the laws of the state of Texas.

THIRTY-SECOND DEFENSE

And Now, further answering the specific allegations of Plaintiffs' complaint, Burnett avers as follows.

Paragraphs 1 - 3

Burnett objects to the inflammatory and prejudicial characterizations set forth in these paragraphs and move that they be stricken.  The allegations of these paragraphs as to Burnett are denied.

Paragraphs 4 - 7

The allegations of these paragraphs do not appear to concern Burnett.  To the extent an answer is deemed necessary, same are denied for lack of information on which to justify a belief, except to deny the allegation that Plaintiffs as H-2B workers could not be sponsored for permanent residency after the last H-2B extension had run its course.

Paragraph 8

The allegations of these paragraphs are denied.

Paragraph 9

The allegations of this paragraph are but legal conclusions that are not entitled to any presumption of truthfulness.  To the extent an answer is deemed necessary, same are denied.

Paragraphs 10 - 13

To the extent the allegations set forth in these paragraphs set forth legal conclusions, they require no response from the Burnett Defendants, but are denied out of an abundance of caution, except to admit that this Court has jurisdiction over the subject matter of this case. Burnett denies this Court has personal jurisdiction over him and again reavers his objection to the exercise of jurisdiction over the person of Burnett, and asserts that venue is not proper here,

pursuant to the first filed rule.

Paragraph 14

The allegations of this paragraphs are denied, except to admit that Plaintiffs are Indian nationals, and were hired by Signal as H-2B workers.

Paragraphs 15 - 16

The allegations set forth in these paragraphs set forth legal conclusions, which are not entitled to the presumption of truth, and as such require no response from the Burnett Defendants.  To the extent an answer is deemed necessary, same are denied.

Paragraph 17

It is admitted that Plaintiffs were putative members of a class action filed in the Eastern District of Louisiana, the class certification of which was denied.

Paragraphs 18 - 21

The allegations of these paragraphs are denied for lack of information on which to justify a belief.

Paragraphs 22-36

The allegations set forth in these paragraphs that do not concern Burnett, are denied for lack of information on which to justify a belief.  All allegations as to Burnett are denied.

Paragraphs 37-39

The allegations of these paragraphs are denied, except to admit that Burnett was the sole member and registered agent for the Law Offices of Malvern C.  Burnett and the Gulf

Coast Immigration Law Center, L.L.C., and specifically denies any of the Burnett Defendants have any contacts with the state of Texas to justify the imposition of personal jurisdiction.

## Paragraphs 40 - 46

The allegations in these paragraphs are denied.

## Paragraphs 47 - 49

The allegations in these paragraphs are denied for lack of information on which to justify a belief.

## Paragraphs 50 - 54

The allegations of these paragraphs as to Burnett are denied.  The allegations as to other Defendants are denied for lack of information on which to justify a belief, except to deny any allegation of false promises or misrepresentations.

## Paragraphs 55-95

The allegations of these paragraphs are denied for lack of information on which to justify a belief.

## Paragraphs 96- 77

The allegations set forth in these paragraphs set forth legal conclusions, which are not entitled to the presumption of truth, and as such require no response from the Burnett Defendants.  To the extent an answer is deemed necessary, same are denied as inaccurate, incomplete, and incorrect statements of law.

Paragraph 98

The allegations of this paragraphs are denied for lack of information on which to justify a belief.

Paragraph 99

The allegations of these paragraphs are admitted.

Paragraphs 100 - 101

The allegations of these paragraphs are denied for lack of information on which to justify a belief.

Paragraphs 102 -103

The allegations of these paragraphs as to Burnett are denied.  The allegations as to other Defendants are denied for lack of information on which to justify a belief

Paragraphs 104 - 112

The allegations of these paragraphs are denied for lack of information on which to justify a belief.

Paragraphs 113 - 114, and 116 - 118

The allegations contained in these paragraphs are denied, except to admit that Burnett did properly and correctly prepare a the necessary ETA 750 forms, as well as H-2B visa applications and extensions to allow Plaintiffs to legally enter into the United States to work for Signal, in full compliance with all then USCIS regulations and statutes.

-14-

Paragraphs 115 and 120

The allegations of these paragraphs are denied for lack of information on which to justify a belief.

Paragraphs 119, 121, and 123

The allegations of these paragraphs are denied.

Paragraph 124 - 128

The allegations of these paragraphs are denied for lack of information on which to justify a belief.

Paragraphs 130, 131, 133, and 134

The allegations set forth in these paragraphs set forth legal conclusions, which are not entitled to the presumption of truth, and as such require no response from the Burnett Defendants.  To the extent an answer is deemed necessary, same are denied as inaccurate, incomplete, and incorrect statements of law.

Paragraph 132

The allegations of this paragraph are admitted.

Paragraphs 135 - 137

The allegations of these paragraphs are denied.

Paragraph 138 - 146

The allegations of these paragraphs are denied for lack of information on which to justify a belief.

-15-

Paragraph 147

The allegations of this paragraph are denied.

Paragraph 148 - 156

The allegations of these paragraphs are denied for lack of information on which to justify a belief.

Paragraphs 157 - 212

The allegations of these paragraphs do not refer to or concern Burnett.  As such, no response is required to these paragraphs, but to the extent an answer is deemed necessary, same are  denied for lack of information on which to justify a belief.

Paragraphs 213 through 234

The factual allegations as to Burnett in these paragraphs are denied.  To the extent the allegations in this paragraph sets forth legal conclusions, they require no response from the Burnett Defendants.   However, should an answer be deemed necessary to these legal conclusions, same are denied as incorrect, incomplete, and misinterpreted conclusions of law, and further deny same are applicable to any of the facts of this matter.

Paragraphs 235 - 236

The allegations of these paragraphs are denied.

Paragraphs 237 - 271

The factual allegations as to Burnett in these paragraphs are denied.  To the extent the allegations in this paragraph sets forth legal conclusions, they require no response from the

Burnett Defendants.   However, should an answer be deemed necessary to these legal conclusions, same are denied as incorrect, incomplete, and misinterpreted conclusions of law, and further deny same are applicable to any of the facts of this matter.

Paragraphs 272 - 273

The allegations of these paragraphs are denied.

Paragraphs 274 - 277

The factual allegations as to Burnett in these paragraphs are denied.  To the extent the allegations in this paragraph sets forth legal conclusions, they require no response from the Burnett Defendants.   However, should an answer be deemed necessary to these legal conclusions, same are denied as incorrect, incomplete, and misinterpreted conclusions of law, and further deny same are applicable to any of the facts of this matter.

Paragraphs 278 - 282

The allegations of these paragraphs are denied.

Paragraphs 283 - 287

The factual allegations as to Burnett in these paragraphs are denied.  To the extent the allegations in this paragraph sets forth legal conclusions, they require no response from the Burnett Defendants.   However, should an answer be deemed necessary to these legal conclusions, same are denied as incorrect, incomplete, and misinterpreted conclusions of law, and further deny same are applicable to any of the facts of this matter.

Paragraphs 288 - 292

The allegations of these paragraphs are denied.

Paragraphs 293 - 294, and 296

The factual allegations as to Burnett in these paragraphs are denied.  To the extent the allegations in this paragraph sets forth legal conclusions, they require no response from the Burnett Defendants.   However, should an answer be deemed necessary to these legal conclusions, same are denied as incorrect, incomplete, and misinterpreted conclusions of law, and further deny same are applicable to any of the facts of this matter.

Paragraphs 295, and 297 - 299

The allegations of these paragraphs are denied.

Paragraphs 300 - 306

The allegations of this paragraph are legal conclusions to which no answer by Burnett is required.  However, to the extent an answer is deemed necessary to these legal conclusions, same are denied as incorrect, incomplete, and misinterpreted conclusions of law, and further deny same are applicable to any of the facts of this matter.

 deny same are applicable to any of the facts of this matter

Plaintiffs' Prayer For Relief

Plaintiffs Prayer for Relief are conclusions of law, and most concern Defendants other than Burnett, neither of  which require an answer by Burnett.  Any factual allegations as to Burnett are denied.  All legal conclusions as to Burnett are denied.  Burnett denies that any

-18-

Plaintiff is any entitled to relief from Burnett in this matter, and further denies that Burnett would be liable jointly and severally with any other Defendant under any circumstance.

RICO FRAUD CHART - EXHIBIT 1 to PLAINTIFFS' COMPLAINT

And now answering each and every allegation of the Plaintiff's RICO Fraud Chart filed with Plaintiffs' Amended Complaint as Exhibit1 to Plaintiffs' Complaint,  Burnett Defendants aver as follows:

All of the allegations of Plaintiffs' Fraud Chart are denied as Burnett, except to admit, that from time to time, in furtherance of the services he performed as an attorney, he communicated with some of the other defendants herein, and that the USCIS mailed notices from time to time, indicating approval of petitions and applications for visas, that he fully and properly informed and advised all Indian workers as to the immigration process, the process by which Signal would employ them under immigration laws and regulations.  Burnett specifically denies that any mail, wire, or other communications by him were false, fraudulent or intended to defraud anyone, that any such communications in any way constituted mail, wire, immigration, or document fraud in any manner, or that anyone was ever defrauded by him. Moreover, Burnett a denies that the RICO Fraud Chart sets forth or establishes in any manner, the existence of any fraudulent or wrongful conduct on his part, or any conspiracy or racketeering activities of him or any Defendant.

Paragraphs: F 35, F37.

Denied as written as to all allegations pertaining to the Burnett Defendants, except to

admit that, at all material times, if the Burnett Defendants rendered any legal services at any time, such services were rendered diligently, honestly, in good faith, within the standard of care, without any misrepresentation of fact or law, and all services were rendered through Burnett, APLC.  All allegations referencing other defendants, or to documents not provided, are denied for lack of sufficient information.  To the extent the unspecified allegations set forth in these paragraphs directly or indirectly allege acts that support fault and/or liability by any of the Burnett Defendants, they are denied. Any documents referenced in the aforementioned paragraphs are denied out of abundance of caution because said documents were not provided. If said documents exist, the Burnett Defendants deny that the documents will show any direct or indirect evidence of fault or liability on the part of any of the Burnett Defendants, or that any document prepared by Burnett was anything other than accurate, proper, and in full compliance with all laws and regulations.

Paragraphs: F6, F8, F24, F28, F32.

Denied as written as to all allegations pertaining to the Burnett Defendants, except to admit that, at all material times, any payment received for legal services rendered, including any assistance with the preparation of immigration forms for submission to governmental agencies or entities, review of application documentation, vetting for eligibility to migrate to the United States, counseling potential H-2B workers, and later preparations and filing of extensions and other immigration work, that such fees were actually earned, and all services were rendered

diligently, honestly, in good faith, within the standard of care, without any misrepresentation of fact or law, and that every Indian worker who migrated to the United States as a result of his work, including Plaintiffs herein, received a fair value for such services rendered, and that  all services were rendered through Burnett, APLC.  To the extent the allegations set forth in these paragraphs directly or indirectly allege acts that support fault and/or liability by any of the Burnett Defendants, they are denied.  All allegations referencing other defendants or documents not provided are denied for lack of sufficient information.  Any documents referenced in the aforementioned paragraphs are denied out of abundance of caution because said documents were not provided. If said documents exist, the Burnett Defendants deny that the documents will show any direct or indirect evidence of fault or liability on the part of any Defendant.

Paragraphs: F31

The allegations of these paragraphs are denied, except to admit that at various informational meetings Burnett provided true, correct, and accurate information about the immigration, green card, and visa processes to various prospective workers.  The alleged dates of said meetings and the alleged attendees or participants are denied for lack of information to support a belief therein.  All remaining allegations are denied as written as to all allegations pertaining to the Burnett Defendants, except to admit that, at all material times, if the Burnett Defendants received payment for legal services, or rendered any legal services at any time, including any assistance with the preparation of immigration forms for submission to governmental agencies or entities, such fees were actually earned, and all services were rendered

diligently, honestly, in good faith, within the standard of care, without any misrepresentation of fact or law, and all services were rendered through Burnett, APLC. To the extent the allegations set forth in these paragraphs directly or indirectly allege acts that support fault and/or liability by any of the Burnett Defendants, they are denied.  All allegations referencing other defendants or documents not provided are denied for lack of sufficient information. Any documents referenced in the aforementioned paragraphs are denied out of abundance of caution because said documents were not provided.  If said documents exist, the Burnett Defendants deny that the documents will show any direct or indirect evidence of fault or liability on the part of any Defendant, or that any document prepared by Burnett was anything other than accurate, proper, and in full compliance with all laws and regulations.

Paragraphs:F1 - F6, F7, F8 - F23, F 25 - F27, F29 - F30, F33 -F34, F37, F38 - F65

The allegations of these paragraphs do not appear to concern Burnett, and as such are denied, for lack of information on which to justify a belief.

WHEREFORE, the Burnett Defendants, MALVERN C. BURNETT, LAW OFFICES OF MALVERN C. BURNETT, A PROFESSIONAL LAW CORPORATION AND GULF COAST IMMIGRATION LAW CENTER L.L.C., pray that these Answers be deemed good and sufficient, and that after due proceedings, there be Judgment herein in his favor dismissing all claims against them with prejudice; and for a judgment in their favor for all attorney's fees and costs incurred by them in the defense of this matter; and for all general and equitable relief to which they may be entitled, and prays for a trial by jury.

-22-

Respectfully Submitted,

  s/ Timothy W.  Cerniglia
Timothy W. Cerniglia, (La. Bar # 03964)
1521 St. Charles Avenue
New Orleans, Louisiana 70130
Telephone: 504-586-0555
Facsimile:  504-586-0550

Counsel for Malvern Burnett,
Gulf Coast Immigration Law
Center, LLC and the Law Offices of
Malvern C. Burnett, A.P.L.C.

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on all counsel of record electronically

through this Court's EM/ECF system, this 7th day of November, 2014

  s/Timothy W.  Cerniglia

-23-