**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| RAJU MEGANATHAN, et al | \* | CIVIL ACTION NO: |
| Plaintiffs | \* | 1:13-cv-00497-MAC-ZJH |
| | \* | |
| v. | \* | DISTRICT JUDGE |
| | \* | MARCIA A. CRONE |
| SIGNAL INTERNATIONAL, LLC, et al, | \* | |
| | \* | MAGISTRATE JUDGE |
| Defendants | \* | ZACK HAWTHORN |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**SIGNAL'S MOTION TO EXTEND DISCOVERY
DEADLINES AND THE MOTION CUT-OFF**

**INTRODUCTION**

Now comes Defendants Signal International, LLC ("LLC"), Signal International, Inc. ("Inc."), Signal International Texas, G.P. ("GP"), and Signal International Texas, L.P. ("LP") (hereinafter collectively "Signal"), who respectfully moves this Court to extend the discovery and motion deadlines by sixty and ninety days, respectively. The current Scheduling Order provides that discovery shall be completed by December 15, 2014 with a January 15, 2015 motion cut-off. (Doc. 30). Pursuant to Federal Rule of Civil Procedure 16 (b), this Court possess broad discretion to allow scheduling order modifications upon a showing of good cause. Signal has excellent cause.

The instant litigation is immensely complex, has spanned across three district courts and includes, *inter alia*, language barriers and an unresolved discovery issue, currently on appeal in this district. Signal needs additional time to conduct crucial depositions and propound limited

1

written discovery. For this reason, Signal moves the Court to extend the discovery deadline sixty days to February 15, 2015, and the motion cut-off ninety days to April 15, 2015.

## BACKGROUND

After failing to certify a class action in the Eastern District of Louisiana, this case arose as the litigation splintered into over twenty lawsuits spread in three district courts.[1] Plaintiffs are Indian men who came to the United States as skilled workers on H-2B visas sponsored by Signal. Plaintiffs' claims against Signal flow from Signal's treatment of its H-2B employees and promises Signal allegedly made to these employees. Taking the deposition of each Plaintiff is pivotal to Signal's defense. To this end, Signal undertook a demanding deposition schedule over the last year and diligently pursued discovery in these related cases.[2]

At first blush this lawsuit appears separate and Plaintiffs contend Signal unreasonably delayed in scheduling Plaintiff depositions. Despite Plaintiffs' insinuations, Signal possessed no dilatory intent. In truth, lower numbered cases impinge on later filed cases because Signal must rely on one competent Malayalam translator to depose virtually all of the Indian Plaintiffs. Consequently, Signal's ability to complete discovery in this case was delayed by depositions already scheduled in earlier filed cases.

Leading up to the December 15th discovery deadline, Signal endeavored, without success, to work with Plaintiffs on these issues. Therefore, and as explained more fully below, the delay stems from logistics inherent to this lawsuit and extending deadlines for this limited purpose is

---

[1] *See In re: Signal Int'l LLC Human Trafficking Litig. (No. 2554)*, 2014 U.S. Dist. LEXIS 113204 (J.P.M.L. Aug. 12, 2014) (denying Signal's application to centralize litigation in first court); *In re: Signal Int'l, LLC*, No. 14-40313 (5th Cir. April 4, 2014) (denying application for writ of mandamus directed to Beaumont Division of Eastern District of Texas requiring it to transfer suits to first court on basis of first-filed rule); *See EEOC v. Signal Int'l, LLC*, No. 12-557, Doc. No. 52 (S.D.Miss. Feb. 29, 2012) (transferring matter to Court below on basis of first-filed rule); *Achari v. Signal Int'l, LLC*, 2013 U.S. Dist. LEXIS 150233 (S.D.Miss. Oct. 18, 2013) (Guirola, Jr., J.) (transferring four (4) consolidated cases to Court below on basis of first-filed rule); *Singh v. Signal Int'l, LLC*, No. 14-357, Doc. No. 22 (S.D.Miss. Feb. 29, 2012) (transfer order to Court below).

[2] *See* Signal's 2014 Deposition Schedule, attached hereto as Exhibit A.

critical to Signal's interests. Such an extension will neither prejudice Plaintiffs, nor delay the remaining deadlines in the Scheduling Order, including trial readiness on August 7, 2015.

## LAW AND ARGUMENT

Federal Rule of Civil Procedure 16(b) provides as follows: "A schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." The Fifth Circuit requires that trial courts consider four factors when determining whether good cause exits to allow a deviation from the court's scheduling order: (1) the explanation for the failure to meet the deadline; (2) the importance of the modification of the deadline; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice. *Reliance Ins. Co. v. The Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir.1997); *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990).

**1. Explanation for Signal's Failure to Meet the Deadline**

Signal has made every effort to diligently pursue discovery in this case. Over the last year, Signal took twenty-four Indian Plaintiff depositions – each scheduled for three days.[3] In addition to the seventy-two days of Plaintiff depositions, Signal's counsel participated in the depositions of ten corporate designees (five days each), multiple experts and over a dozen former Signal employees. Signal's ability to schedule depositions for this case has been delayed by the volume of depositions, the duration of each deposition and, most saliently, Signal's inability to procure multiple competent Malayalam translators.

Crucially, each Plaintiff deposition was conducted in the Malayalam language and scheduled for three days to accommodate the delays incumbent in translating each question and

---

[3] *See* Exhibit A.

response. Despite Signal's best efforts, including trying multiple translators, only Bhabha Padmanabhan has demonstrated skill at translating and interpreting. The distinction is not trivial; a key difference is that translators work with written words and interpreters work with spoken words. The integrity of the record depends on both. Of course, Mr. Padmanabhan cannot be in two places at once and has other personal and professional commitments, limiting his availability.

Moreover, in conjunction with the delays inherent to the deposition schedule, Signal was forced to defer much of its written discovery when Plaintiffs appealed Magistrate Hawthorne's ruling on the admissibility of motive evidence.

Therefore, Plaintiffs' contention that Signal neglected for a year and a half to complete discovery in this case lacks merit. Ignoring the fact that this matter is tied to the other lawsuits filed by Signal's former H-2B employees, fails to provide the whole picture. Signal industriously scheduled depositions in these cases and any delay has been despite Signal's best efforts and beyond Signal's control.

**2.  Importance of Modification of the Deadline**

Signal needs to complete discovery in three cases (totaling 35 Plaintiffs) currently pending in the Eastern District of Texas, all likely requiring Malayalam translation. In keeping with Judge Morgan's finding in the *David* case and our experience deposing the Texas Plaintiffs, Signal believes it will need three days to complete each Plaintiff deposition.[4] Assuming no more than five Plaintiffs appear at trial, modifying the discovery deadline by sixty days will provide Signal time to schedule a translator/interpreter and complete the depositions.

Furthermore, Signal will need to engage Mr. Padmanabhan at various times during the upcoming trials to translate/interpret for the Plaintiffs and Signal witnesses. Signal is likewise

---

[4] Judge Morgan's 10/21/13 Minute Entry (Doc. 1425), attached hereto as Exhibit B.

prepared to take depositions for this case during the *David* trial, scheduled this January in the Eastern District of Louisiana. The sixty day discovery extension will facilitate both.

Notably, a discovery issue related to this case is currently on appeal in the Eastern District of Texas. On October 15, 2014, Magistrate Hawthorne compelled the *Samuel* and *Joseph* plaintiffs to provide Signal with some motive evidence, such as T visa applications.[5] Plaintiffs' counsel objected to this ruling and the issue is currently pending on appeal under Rule 72 (a).[6] The determination of this issue will have bearing on Signal's litigation strategy and access to this evidence will inform many of the questions Signal plans to ask during Plaintiffs' depositions.

Any deposition taken prior to the Court's ruling would need to be taken again if Magistrate Hawthorne's ruling is upheld. Extending the discovery deadline is the most efficient use of both parties' time and resources. In the same way, the scope of Signal's written discovery is tied to Magistrate Hawthorne's ruling on motive evidence. Signal requests the ability to propound written discovery on these Plaintiffs, similar to the now permitted T and U visa discovery in *Samuel* and *Joseph*. Of course, that is conditional on the Court upholding the Magistrates ruling on same. For this reason, the extension is in keeping with judicial economy, allowing the Court to avoid disputes related to this issue from arising at a later date, when adjustments to the Scheduling Order may delay the Court.

Finally, Signal moves the Court to extend the motion cut-off by ninety days in order to give the parties sufficient time to engage in motion practice after discovery closes.

---

[5] *See* Memorandum and Order on Signal's Motion to Compel and Plaintiffs' Motion for Interim Protective Order Under Rule 30(d)(3), *Samuel*, No. 13-323, (Doc.149), attached hereto as Exhibit C; *see also* Memorandum and Order on Signal's Motion to Compel, *Joseph*, No. 13-324, (Doc.148), attached hereto as Exhibit D.

[6] In Texas, the lowest numbered case, *Samuel* (Judge Crone), No. 13-323, is scheduled for a docket call and possible trial on or about March 6, 2015. (*See* Doc. 121). The next lowest numbered case, *Joseph* (Judge Clark), No. 13-324, is likewise set for such a call on April 6, 2015. (*See* Doc. 149). As of the date of this motion, in the Eastern District of Texas, under Rule 72(a), appeals are pending in *Samuel* and *Joseph* relative to Magistrate Hawthorn's decisions compelling the plaintiffs to provide Signal with some motive evidence, such as T visa applications.

### 3. Potential Prejudice to Plaintiffs in Allowing Modification of the Deadlines

Signal's request for limited modification to the Scheduling Order has no prejudicial effect and Plaintiffs cannot proffer any explanation to the contrary. Despite Plaintiffs' suggestion, there is no cogent reason to believe that any other deadline in the Scheduling Order will be effected. This case is set for a docket call on August 7, 2015. (Doc. 30). If the Court grants Signal the requested extensions, the motion cut-off will take places three months before the Joint Pre-Trial Order deadline on July 17, 2015 and four months before the earliest potential trial. (Doc. 30). The current Scheduling Order provides ample room to extend these two early deadlines without impacting later deadlines set for the summer of 2015.

Pursuant to the local rules, and in hopes of amicably resolving this issue, Signal contacted Plaintiffs on December 8, 2014 to meet and confer.[7] Plaintiffs' counsel refused Signal's request.[8] If Plaintiffs were indeed prejudiced by Signal's request, such a conversation would have been an appropriate time for each party to elucidate their concerns. While the equities strongly favor that the Court grant Signal's requested relief, Plaintiffs, in their silence, cannot point to any prejudicial effect. Instead, Plaintiffs only offer the Court a dubious fear that this limited extension may spawn future delays.

### 4. Availability of a Continuance to Cure Such Prejudice

Signal maintains that a limited extension of deadlines in the Scheduling Order will have no prejudicial effect for the Plaintiffs. Accordingly, Signal doubts any continuance will be necessary. That said, Signal would consent to any continuance the Court finds necessary in providing the requested relief.

---

[7] *See* December 8, 2014 email chain from Erin Hangartner to Opposing Counsel, attached hereto as Exhibit E.
[8] *See* Exhibit E.

## **CONCLUSION**

Therefore, for the foregoing reasons Signal prays the Court will grant the requested relief and extend the discovery deadline sixty days to February 15, 2015, and the motion deadline ninety days to April 15, 2015.

Date: December 17, 2014

                                            Respectfully submitted,

*/s/ Erin Casey Hangartner*
Erin Casey Hangartner, La. Bar No. 24768
Alan Dean Weinberger, La. Bar No. 13331
Hal D. Ungar, La. Bar No. 31344
Elham R. Rabbani, La. Bar No. 33322
Brian C. Roux, La. Bar No. 35298
Lance R. Rydberg, La. Bar No. 02089
Mitchell P. Hasenkampf, La. Bar No. 32870
Robert L. Keller III, La. Bar No. 35188
Kevin P. Maney, La. Bar No. 33956
Lauren Masur Davis, La. Bar No. 34669
HANGARTNER RYDBERG & TERRELL, LLC
701 Poydras Street, Suite 310
New Orleans, LA 70139
Telephone: (504) 522-5690
Facsimile: (504) 522-5689
ehangartner@hanrylaw.com
aweinberger@hanrylaw.com
hungar@hanrylaw.com
erabbani@hanrylaw.com
broux@hanrylaw.com
lrydberg@hanrylaw.com
mhasenkampf@hanrylaw.com
rkeller@hanrylaw.com
kmaney@hanrylaw.com
lmasur@hanrylaw.com

And

        Patricia A. Bollman, La. Bar 17563
        James L. Cornblatt, (Pro Hac Vice)
        A Professional Law Corporation
        Post Office Box 13707
        New Orleans, LA 70185
        Telephone: (504) 218-5887
        Facsimile: (504) 304-0890
        patricia@bollmanfirm.com
        cornblatt25@gmail.com

        ***Counsel for Signal International, L.L.C.***
        ***Signal International, Inc.,***
        ***Signal International Texas, G.P., and***
        ***Signal International Texas, L.P.***

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 17, 2014, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to non-CM/ECF participants.

        */s/ Erin Casey Hangartner*
        ERIN CASEY HANGARTNER

## **CERTIFICATE OF CONFERENCE**

I hereby certify that counsel for Signal International, LLC, Signal International, Inc., Signal International Texas, G.P., and Signal International Texas, L.P. has conferred with opposing counsel and that the motion is opposed.

        */s/Erin Casey Hangartner*
        ERIN CASEY HANGARTNER